Springer, J.,
with whom Rose, J., agrees,
dissenting:
I think that it was error for the trial court to refuse to permit Riker to change his plea of “guilty” to that of “not guilty.” It is virtually undeniable that Riker was prompted to enter a guilty plea because he was trying to commit suicide. Although there was conflict in the psychological opinion, Dr. Glovinsky testified that at the time the plea was entered, Riker’s mental state impaired his ability “to give reasoned consideration to plea options available to him in this case” and that he “deem[ed] him incapable to rationally enter a plea of guilty . . . .”
If Riker were even close to being “normal” mentally, I might be more inclined to “give the benefit of the doubt” to the state and let the guilty plea and the death sentence judgment stand; however, this case clearly involves a seriously mentally disturbed young man, who, according to Dr. Glovinsky, “is indifferent to *1329 death and dying,” is “not courageous enough to take his own life” and “would, therefore, have the State assist him” in a suicide.
Riker, twenty years old at the time the murder was committed, has a very long history of mental disorders, recorded since the time he was six years old. Riker’s father suffered from a type of insanity that Dr. Etcoff concluded was the “type of illness that is genetically transmitted,” and his mother “was simply unequipped to be a mother.” Taken from his mother and father and placed in foster care when he was six years old, Riker was already in trouble at age seven and diagnosed as having both a “behavior disorder” and a “depressive disorder.” At age nine Riker’s evaluations show that he had been abused for many years and had an “undersocialized aggressive conduct disorder.” During his teen years doctors found razor blade marks on his wrists; and during this formative time Riker began hearing voices in his head.
When Dr. Etcoff asked Riker why he wanted to plead guilty to murder, Riker told the doctor that it was an “impulsive decision,” stating “I really wanted to die; I do and I don’t. I’m tired of all the pain. I get so irritable and angry; I can’t get along with people.” Dr. Etcoff’s professional opinion was that Riker entered the guilty pleas as a means of committing suicide.
I am not going to belabor my point with the citation of legal authority or with further discussion on my part. To me, it is rather clear that whatever the United States Supreme Court might have to say on the subject, justice requires that this particular defendant be allowed to have a trial and have a full exposition of the facts surrounding the crimes charged and of the mental state of the crimes’ perpetrator.